**Michael E. Haglund,** OSB No. 772030
email:  mhaglund@hk-law.com
**Christopher Lundberg,** OSB No. 941084
Email: clundberg@hk-law.com
**Eric J. Brickenstein**, OSB No. 142852
Email: ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
200 S.W. Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

*Attorneys for Defendants
Günter Cramer
and Simon Heck*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| CLIMAX PORTABLE MACHINE TOOLS, INC. an Oregon corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>GÜNTER CRAMER, an individual, SIMON HECK, an individual, and JOHN DOES 1 through 3, individuals,<br><br>                    Defendants. | Case No.:   3:18-cv-01825-AC<br><br>**DEFENDANTS GÜNTER CRAMER AND SIMON HECK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL** |

Defendants Günther Cramer and Simon Heck respectfully oppose plaintiff Climax Portable Machine Tools, Inc.'s ("Climax") Motion for Leave to File Reply in Support of Motion to Compel. This opposition is supported by the record herein and the following memorandum.

///

///

Page 1 – **DEFENDANTS GÜNTER CRAMER AND SIMON HECK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201

**MEMORANDUM**

Climax's request for leave to file excess briefing on its Motion to Compel (the "Discovery Motion") should be denied under Local Rule 26-3, which prohibits reply briefs in support of discovery motions. Local Rule 26-3(c), titled "No Replies," provides that absent contrary direction from the Court, "a movant may not file a reply supporting a discovery motion." The Rule expresses a clear preference that briefing on discovery motions should ordinarily be limited to the movant's opening brief and the opposing party's response.

This is the second time that Climax has asked the Court for excess briefing on an ordinary discovery motion. As it did when it requested (and was denied) leave to file an extra brief in support of its motion for jurisdictional discovery, Climax gives no good reason and cites no authority that would justify briefing beyond what the Local Rules allow. Rather, Climax simply claims that its Discovery Motion is "critical" and that it would therefore like to have the last word in reply to defendants' opposition. Plaintiff's preference notwithstanding, there is no valid reason for the Court to entertain Climax's bald request for special solicitude.

The parties' positions and arguments are simple. Climax claims Mr. Cramer should be required to hand over a slew of Trawema's trade secrets and corporate records by virtue of his position with the company, even though Trawema was dismissed for lack of personal jurisdiction and the Court has already denied several identical requests. Defendants oppose the requested discovery because, among other reasons, the Court's lack of jurisdiction over Trawema prevents it from ordering the production of corporate records. Defendants also make a common sense and well-supported argument that Climax's request to compel production of Trawema's (its direct competitor) corporate records is highly inappropriate where Climax cannot even articulate what

Page 2 – **DEFENDANTS GÜNTER CRAMER AND SIMON HECK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201

it claims Mr. Cramer stole, let alone why rooting around Trawema's business is relevant or proportionate to its claims against Mr. Cramer.

These straightforward facts do not warrant departure from the standard briefing practices adopted by this Court in the Local Rules. Climax filed its motion on September 23, 2020. After a brief stipulated extension, defendants timely filed their response on October 16. Under LR 26-3, the motion is fully briefed and ready to be taken under advisement on October 23, per the Court's scheduling order. ECF No. 85.

Dated this 20th day of October, 2020.

                              HAGLUND KELLEY LLP
                              By: s/*Eric J. Brickenstein*
                              Christopher Lundberg, OSB No. 941084
                              clundberg@hk-law.com
                              Michael E. Haglund, OSB No. 772030
                              mhaglund@hk-law.com
                              Eric J. Brickenstein, OSB No. 142852
                              ebrickenstein@hk-law.com

                              200 SW Market Street, Ste. 1777
                              Portland, OR 97201
                              (503) 225-0777
                              *Attorneys for Defendants*
                              *Günter Cramer, and Simon Heck*

Page 3 – **DEFENDANTS GÜNTER CRAMER AND SIMON HECK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2020, I served a true copy of the foregoing **DEFENDANTS GÜNTER CRAMER AND SIMON HECK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL** on the following:

**Philip M. Guess**
K&L Gates LLP (Seattle)
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Philip.guess@klgates.com

**John C. Rothermich**
K&L Gates LLP
1 SW Columbia Street, Suite 1900
Portland, OR 97258
John.rothermich@klgates.com

*Attorneys for Plaintiff*

by the following indicated method(s):

☐ by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐ by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐ by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐ by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒ by transmitting full, true and correct copies thereof to the attorneys through the court's CM/ECF system on the date set forth above.

*s/Eric J. Brickenstein*
Eric J. Brickenstein, OSB No. 142852
*Of Attorneys for Defendants*
*Günter Cramer, and Simon Heck*

Page 1 – CERTIFICATE OF SERVICE